UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-AB3,<br><br>      Plaintiff,<br><br>  v.<br><br>VICTOR AND ENOABASI UKPE,<br><br>      Defendants.<br><br>---<br><br>VICTOR AND ENOABASI UKPE,<br><br>      Counterclaimants and Third Party Plaintiffs,<br><br>  v.<br><br>BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-AB3,<br><br>      Defendant on the Counterclaim,<br><br>AMERICA'S WHOLESALE LENDER; COUNTRYWIDE HOME LOANS, INC.; MORGAN FUNDING CORPORATION; ROBERT CHILDERS; COUNTRYWIDE HOME LOANS SERVICING LP; PHELAN, HALLINAN & SCHMIEG<br><br>      Third Party Defendants. | Civil Action No. _____ |

1

## NOTICE OF REMOVAL

Defendants America's Wholesale Lender, Countrywide Home Loans Servicing LP, and Countrywide Home Loans, Inc. (collectively referred to herein as the "Countrywide Defendants") hereby remove the above-captioned case pending in the Superior Court of New Jersey, Chancery Division, for Atlantic County, New Jersey, to the United States District Court for the District of New Jersey. Removal is based on 28 U.S.C. §§ 1331 and 1441.

As grounds for removal, the Countrywide Defendants state as follows:

### PROCEDURAL POSTURE

1. On March 11, 2009, Victor and Enoabasi Ukpe (the "Ukpes") sued the Countrywide Defendants. They assert that the Countrywide Defendants made an allegedly unfair mortgage loan to them. The Ukpes allege that the Countrywide Defendants violated the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 et seq., the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 et seq., and the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. §§ 56.8-2 et seq, and that the Countrywide Defendants were engaged in a conspiracy to violate the NJCFA and are liable to the Ukpes under theories of common law claims of fraud, unconscionable commercial practices, defective contract formation, and negligent lending. See Amended Third Party Complaint ¶¶ 80-149. As relief, the Ukpes seek declaratory judgment that the mortgage loan transaction is void, unenforceable, and invalidated, a judgment rescinding the loan transaction, an award of actual and punitive damages and of attorneys' fees, and other equitable relief.

2. The Ukpes' lawsuit against the Countrywide Defendants came in the form of an "Amended Answer, Affirmative Defenses, Counterclaims, and Amended Third Party Complaint" ("Amended Third Party Complaint") filed in the above-referenced case. That pleading was

2

further amended by a Second Amended Answer, Affirmative Defenses, Counterclaims, and Amended Third Party Complaint ("Second Amended Third Party Complaint"). Also named as defendants in the Second Amended Third Party Complaint were the law firm of Phelan, Hallinan & Schmieg, P.C. ("Phelan"), Morgan Funding Corporation ("Morgan Funding"), and Robert Childers ("Childers").

3. The original parties to the above-referenced case are the Ukpes and Bank of New York as Trustee for the Certificate Holders CWABs, Inc. Asset-Backed Certificates, Series 2005-AB3 ("BONY"). The Complaint filed by BONY is a suit to foreclose on a defaulted mortgage loan, in which BONY asserts that the Ukpes defaulted under the terms of the mortgage loan on September 1, 2007. As relief, BONY seeks, among other relief, judgment fixing the amount due on its mortgage, directing the Ukpes to pay BONY that amount, and directing that possession of the property securing the loan be given to BONY or the purchaser of the property at a foreclosure sale. BONY is also a counterclaim defendant in the Second Amended Third Party Complaint.

## GROUNDS FOR REMOVAL

4. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of New Jersey.

5. Removal is appropriate because this Court has original federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, and the lawsuit is removable under 28 U.S.C. § 1441(c). This case is hereby removed to this Court.

   a. Under 28 U.S.C. § 1331, a district court has jurisdiction over cases that arise under the Constitution, laws, or treaties of the United States. A case "arises under" federal law where either (i) federal law creates a cause of action; or (ii)

3

"the vindication of a right under state law necessarily turn[s] on some construction of federal law," Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983), or "implicates significant federal issues." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312-314 (2005).

b. This case arises under the laws of the United States because the FHA and ECOA are laws of the United States, and the Ukpes expressly seek relief against the Countrywide Defendants in the Second Amended Third Party Complaint for alleged violations of the FHA and ECOA. Second Amended Third Party Complaint ¶¶ 150-154, 155-159. The FHA and ECOA grant private rights of action to aggrieved persons and provide that such persons may sue in United States District Court. See 42 U.S.C. § 3613(a); 15 U.S.C. § 1691e(f).

c. Since the Ukpes expressly allege claims under the federal FHA and ECOA, they could have brought their federal statutory causes of action in federal court originally. This Court therefore has jurisdiction over the Ukpes' claims pursuant to 28 U.S.C. § 1331.

6. The Countrywide Defendants' removal is proper notwithstanding that part of this case involves otherwise non-removable claims. The removal statute, 28 U.S.C. § 1441(c), provides that "[w]henever a separate and independent claim or cause of action within [federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein…" This District Court has held, under that statute, that a third party defendant may remove the claim

against it to federal court, so long as that claim is "separate and independent" from the main cause of action. Hackensack Univ. Med. Ctr. v. Lagno, 2006 WL 3246582, *4 (D.N.J. Nov. 3, 2006) (slip op); Patient Care, Inc. v. Freeman, 755 F. Supp. 644, 651-52 (D.N.J. 1991); Bond v. Doig, 433 F. Supp. 243, 247 (D.N.J. 1977); accord Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 135-36 (5th Cir. 1980); Huntsman Corp. v. Int'l Risk Ins. Co., 2008 U.S. Dist. LEXIS 74397, *11 n. 4 (S.D. Tex. Sept. 26, 2008); Marsh Inv. Corp. v. Langford, 494 F. Supp. 344, 348 (E.D. La. 1980).

7. The claims against the Countrywide Defendants are separate and independent from the BONY cause of action. BONY seeks to foreclose on the Ukpes' mortgage due to nonpayment of amounts due under the note, and is solely based on the collection rights under the mortgage. The claims against the Countrywide Defendants, on the other hand, concern exclusively the origination and set-up of the Ukpes' loan. Am. Fire & Cas. Ins. Co. v. Finn, 341 U.S. 6, 14 (1951) (claim is "separate and independent" if it does not "aris[e] from an interlocked series of transactions."); Lagno, 2006 U.S. Dist. LEXIS 80497, at *11. The federal claims against the Countrywide Defendants in particular allege discrimination in the extension of credit to the Ukpes (Second Amended Third Party Complaint ¶¶ 150-154, 155-159), and do not relate to the collection of amounts due under the mortgage. Further, the determination of the Ukpes' claims against the Countrywide Defendants is not contingent or at all affected by the outcome of the action by BONY against the Ukpes. Alexander v. Goldome Credit Corp., 772 F. Supp. 1217, 1223 (M.D. Ala. 1991) (that the removable claim is not "contingent on the outcome" of the primary claim supports finding a claim is "separate and independent").

8. This Court has supplemental jurisdiction over the Ukpes' state law claims against the Countrywide Defendants, as they also concern the origination of the Ukpes' loan and thus

5

form part of the same case or controversy as the Ukpes' federal law claims against the Countrywide Defendants. 28 U.S.C. § 1367. Likewise, this Court has jurisdiction over any otherwise non-removable claims in this action pursuant to 28 U.S.C. § 1441(c).

## PROCEDURE FOR REMOVAL

9. <u>Removal to Proper Court</u>. Removal to this Court is proper because it is part of the "district and division" embracing the place where this action was filed—Atlantic County, New Jersey. 28 U.S.C. § 1446(a).

10. <u>Consent to Removal</u>. The Countrywide Defendants do not concede that the consent of the other defendants is necessary. To the extent consent is required, however, it has been given. Third party defendant Phelan and counterclaim defendant BONY are the only parties that have been served, and they consent to removal. Copies of Phelan's and BONY's consent to removal are attached hereto as Exhibit A. Consent is not required from the other parties.

   a. On information and belief, including based on information provided by the State Court clerk's office and a review documents from the State Court Action, neither Morgan Funding nor Childers has been properly served. Their consent therefore is not required. <u>Balazik</u> v. <u>County of Dauphin</u>, 44 F.3d 209, 213 n.4 (3d Cir. 1995); <u>Aycox</u> v. <u>City of Elizabeth</u>, 2008 U.S. Dist. LEXIS 37585, *8 (D.N.J. May 6, 2008).

   b. In addition, Morgan Funding is no longer in business, and so its consent is not required. <u>See, e.g.</u>, <u>Bachman</u> v. <u>Fred Meyer Stores, Inc.</u>, 402 F. Supp. 2d 1342, 1346 (D. Utah 2005); <u>see also</u> <u>Saccomandi</u> v. <u>Delta Airlines, Inc.</u>, No. 08-1434, slip op. at 5-6 (E.D. Pa. July 22, 2008).

6

11. <u>Removal Is Timely</u>. The Countrywide Defendants received notice of the Amended Third Party Complaint (which was the initial pleading setting forth the asserted basis of this Court's jurisdiction pursuant to 28 U.S.C. § 1331) no earlier than when it was filed on March 11, 2009. <u>See</u> Exhibit B. This Notice of Removal is being filed with the United States District Court for District of New Jersey on April 9, 2009, within 30 days of the filing of the Amended Third Party Complaint. 28 U.S.C. § 1446(b).

12. <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446(a), no papers have been properly served on the Countrywide Defendants. Nonetheless, the Countrywide Defendants have attached copies of the Amended Third Party Complaint and the Second Amended Third Party Complaint hereto as Exhibit B. If requested by the Court, the Countrywide Defendants can obtain and provide copies of all filings in the State Court Action.

13. <u>Notice</u>. Attached hereto as Exhibit C is a copy of the Notice of Filing of Notice of Removal that the Countrywide Defendants will promptly serve on the Ukpes' counsel, BONY's counsel, and Phelan's counsel, and file with the Clerk of the Superior Court of New Jersey, Chancery Division, Atlantic County, New Jersey, pursuant to 28 U.S.C. § 1446(d).

14. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. <u>See</u> 28 U.S.C. § 1446(a).

15. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

16. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the case may be removed to this Court under 28 U.S.C. § 1441.

17. In the event that the Ukpes file a motion to remand, or the Court considers remand

*sua sponte*, the Countrywide Defendants respectfully request the opportunity to submit additional argument or evidence as may be appropriate in support of removal.

**WHEREFORE**, this action should proceed in the United States District Court for the District of New Jersey as an action properly removed thereto.

Dated: April 9, 2009

                                                       s/
                                                       Sean T. O'Meara, Esq.
                                                       ARCHER & GREINER
                                                       A Professional Corporation
                                                       Attorneys for Third Party Defendants
                                                       America's Wholesale Lender, Countrywide Home
                                                       Loans, Inc., and Countrywide Home Loans
                                                       Servicing LP
                                                       One Centennial Square
                                                       Haddonfield, NJ 08033
                                                       (856) 795-2121

Of Counsel:

Thomas M. Hefferon, Esq.
Scott B. Nardi, Esq.
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, DC 20001
202.343.4000

LIBW/1705514.7