# EXHIBIT 34

*April 30, 2009 letter from the Honorable William Todd, P.J.Ch., forwarding April 29, 2009 letter from PHS Partner Lawrence Phelan, Esq., to Judge Todd disclosing that PHS had spent $175,000 in re-recording "corrective assignments" in this and 2920 other mortgage foreclosure cases where Strain had been the notary*



# SUPERIOR COURT OF NEW JERSEY
COUNTIES OF
ATLANTIC AND CAPE MAY

**WILLIAM C. TODD, III**
*Presiding Judge*
*Chancery / General Equity Division*

1201 Bacharach Boulevard
Atlantic City, NJ 08401-4527
(609) 345-6700

May 8, 2009

Abigail B. Sullivan, Esquire
South Jersey Legal Services, Inc.
1415 Route 70 East
Suite 300
Cherry Hill, NJ 08034

Dashika R. Wellington, Esquire
Wilentz, Goldman & Spitzer, P.A.
Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102

    RE:    BANK OF NEW YORK ET AL
           vs. VICTOR O. UKPE, ET ALS
           DOCKET NO: F-10209-08

Dear Counsel:

    I understand this matter has been removed to Federal Court but that the Ukpe defendants have or may be filing a Motion to have the matter returned here. I have recently received an April 29, 2009 letter from Mr. Phelan which deals with the notarization issue. Apparently that letter was not copied to anyone involved in this litigation. I thought it appropriate that you receive a copy.

           Very truly yours,

           WILLIAM C. TODD, III, P.J.Ch.

WCT:rb
Enc.

cc:    Lawrence T. Phelan, Esquire

PHELAN
HALLINAN
SCHMIEG

Representing Lenders in
Pennsylvania and New Jersey

Phelan Hallinan & Schmieg L.L.P.
Suite 1400
1617 JFK Boulevard
Suburban Station Building
Philadelphia, PA 19103-1814
215-563-7000
Personal Fax: 215-563-6945
larry.phelan@fedphe.com

Lawrence T. Phelan
Managing Partner
Licensed in PA & NY only

April 29, 2009

RECEIVED
MAY 0 4 2009
WILLIAM C. TODD, P.J.C4

The Honorable William C. Todd, III
Superior Court of New Jersey
Atlantic County
Atlantic County Civil Courthouse
1201 Bacharach Blvd.
Atlantic City, NJ 08401

Re:   **Notary Concerns**

Dear Judge Todd:

I am a founding partner of the Phelan Hallinan & Schmieg law firm, (formerly known as Federman and Phelan), and majority shareholder in the present New Jersey professional corporation. I am taking the unusual step of writing to you directly with respect to your Honor's concerns with the notarization process of certain mortgage assignments by our office. My purpose is to advise the Court of the unilateral steps that have been taken in response to the Court's concern with that process.

While our internal audit has confirmed that every notarized assignment bore the name and actual signature of the individual affirmed by the notary, we have, in an abundance of caution and respect for the Court's concern, filed corrective assignments for each matter in which Thomas Strain was the notary.

Contrary to speculative representations which I have reviewed in memoranda submitted to this Court, Mr. Strain was not involved in 20,000 or more assignments. Rather, through an intense, time-consuming and expensive process, we have been able to identify approximately 3,000 assignments in which Mr. Strain was the notary. Since it was impossible to tell which assignments were actually executed before Mr. Strain and which were presented to him with a signature with which he was familiar, all 2921 of the assignments have been re-executed,

PHELAN
HALLINAN
SCHMIEG

Representing Lenders in
Pennsylvania and New Jersey

Honorable William C. Todd, III
Page 2
April 30, 2009

re-notarized and submitted for recording. Each newly executed and notarized assignment contains an annotation that the assignment is being re-recorded pursuant to court inquiry regarding notarization of the prior assignment.

The substantial costs associated with identifying the assignments in question, redrafting, re-executing, re-notarizing and recording the new assignments, has been born entirely by Phelan Hallinan & Schmieg. The recording fee alone is $50 per assignment. Thus far, the firm has spent in excess of $175,000 to ensure that no party will again be in a position to question the integrity of our process. While we respectfully disagree with Your Honor's assessment that these Assignments presented a potential systemic problem, we have taken this action and incurred this effort and cost to dispel any concern or issue pertaining to the manner in which any Assignment was notarized.

On a personal note, it is particularly distressing to me to have the integrity of any of our firms' processes at issue. We are in a sensitive area of the law in which professionalism and compassion are essential and our record in both areas has always been, and continues to be, exceptional. Our attorneys are dedicated professionals who carefully review everything that is filed with the court. (And they return their phone calls!). We've earned both the Fannie Mae and Freddie Mac designation in New Jersey and been regularly recognized throughout the mortgage banking industry for the quality of our representation. Our goal is to cure the delinquency, not sell the house. In addition to our experienced attorneys and paralegal staff, we have a dedicated department of 14 workout specialists who work with delinquent mortgagors every day to find alternatives to the foreclosure. In fact, until the recent recession, we were able to resolve almost 80% of the foreclosures referred to our firm. It is an effort of which we are justifiably proud.

It was brought to our attention that other Chancery Judges have been advised of the notary issue pertaining to Mortgage Assignments associated with our office. Again, while we may respectfully disagree with the assessment that the Assignments were flawed, we nevertheless took your Honor's commentary very seriously and undertook appropriate action. I would respectfully request that notification of our corrective actions be circulated to the same Chancery Judges.

Respectfully,

Lawrence T. Phelan