| | |
|---|---|
| BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-AB3,<br><br>      Plaintiff,<br><br>  v.<br><br>VICTOR AND ENOABASI UKPE,<br><br>      Defendants.<br><br>_____<br><br>VICTOR AND ENOABASI UKPE,<br><br>      Plaintiffs,<br><br>  v.<br><br>BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-AB3,<br><br>      Counterclaim Defendant,<br><br>AMERICA'S WHOLESALE LENDER; COUNTRYWIDE HOME LOANS, INC.; MORGAN FUNDING CORPORATION; ROBERT CHILDERS; COUNTRYWIDE HOME LOANS SERVICING LP,<br><br>      Third-Party Defendants. | **Civil Action No.: 09-CV-1710**<br><br>**COUNTRYWIDE'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO REMAND** |

LIBW/1722107.3

## **TABLE OF CONTENTS**

**Page**

ARGUMENT..................................................................................................................2
   I.    Ukpes' Procedural Arguments Are Untimely.................................................2
   II.   The Ukpes' Argument Concerning Premature Removal Has Been Universally Rejected.........................................................................................4
   III.  The Ukpes' Alleged Service of the Original Third-Party Complaint on AWL Was Ineffective. ...................................................................................8
CONCLUSION ............................................................................................................11

# TABLE OF AUTHORITIES

**Cases:**                                                                                                           **Page(s)**

*Armendariz v. East Laredo Home Place, Ltd.*, 2008 U.S. Dist. LEXIS 78834 (S.D. Tex. Sept. 29, 2008) .................................................................................. 5, 7

*Arthur v. Litton Loan Servicing, L.P.*, 249 F. Supp. 2d 924 (E.D. Tenn. 2002) ............................................................................................................................. 5

*Bell v. Am. Gen. Fin. Corp.*, 267 F. Supp. 2d 582 (S.D. Miss. 2003) .................... 5, 8

*Bell v. First Family Fin. Servs., Inc.*, 2006 U.S. Dist. LEXIS 47192 (S.D. Miss. May 10, 2006) ................................................................................................ 5

*Carroll v. Amex Assur. Co.*, 2007 U.S. Dist. LEXIS 90414 (N.D. W. Va. Dec. 7, 2007) ............................................................................................................ 5

*Concorde Fin. Corp. v. Value Line, Inc.*, 2004 U.S. Dist. LEXIS 2040 (S.D.N.Y. Feb. 10, 2004) ............................................................................................. 3

*County of Jackson v. Duke Energy Carolinas, L.L.C.*, 2009 U.S. Dist. LEXIS 82999 (M.D.N.C. Sept. 2, 2009) ...................................................................... 5

*Davis v. Ciba-Geigy Corp.*, 958 F. Supp. 264 (M.D. La. 1997) ................................ 3

*Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. Tex. 2000) ............................ 5, 6, 7

*Denman v. Snapper Div.*, 131 F.3d 546 (5th Cir. 1998) ............................................ 3

*Doney v. CMI Corp.*, 2000 U.S. Dist. LEXIS 6240 (W.D. Mo. May 4, 2000) ......... 6

*Foulke v. Dugan*, 148 F. Supp. 2d 552 (E.D. Pa. 2001) ............................................ 3

*Massey v. Cassens & Sons*, 2006 WL 381943 (S.D. Ill. Feb. 16, 2006) ................... 5

*Miller v. Cottrell, Inc.*, 2006 WL 1313367 (W.D. Mo. May 12, 2006) ................. 5, 8

*Murphy Brothers., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) ................................................................................... 1, 5, 6, 8, 11

*North v. Precision Airmotive Corp.,* 600 F. Supp. 2d 1263 (M.D. Fla. 2009) ....... 5, 8

*N. Cal. Dist. Council of Laborers v. Pitt-Des Moines Steel Co.,* 69 F.3d 1034 (9th Cir. 1995) .................................................................................................. 3

*Reddy v. Medquest, Inc.,* 2009 U.S. Dist. LEXIS 68122 (D.N.J. Aug. 4, 2009) ..................................................................................................................... 10

*Robinson v. Quality Ins. Co.,* 633 F. Supp. 572 (S.D. Ala. 1986) ........................... 4

*Soliman v. L-3 Commc'ns Corp.,* 2008 U.S. Dist. LEXIS 105521 (N.D. Cal. Dec. 24, 2008) .......................................................................................... 5, 7

*Whitehurst v. Wal-Mart,* 306 F. App'x 446 (11th Cir. 2008) .................................. 5

**Statutes:**

28 U.S.C. § 1441 ........................................................................................................ 2

28 U.S.C. § 1446 ........................................................................................ 2, 3, 4, 5, 6

28 U.S.C. § 1448 ........................................................................................................ 7

N.J. Stat. § 14A:4-1 ................................................................................................. 10

N.J. Stat. § 14A:4-3 ................................................................................................. 10

**Other Authorities:**

N.J. Ct. R. 4:2-2 ......................................................................................................... 7

N.J. Ct. R. 4:4-4 .................................................................................................. 9, 10

Tex. R. Civ. P. 22 ...................................................................................................... 7

Pursuant to the Court's request at the October 14, 2009 hearing, Third-Party Defendants America's Wholesale Lender ("AWL"), Countrywide Home Loans Servicing LP ("CHLS"), and Countrywide Home Loans, Inc. ("CHLI") (collectively, "Countrywide") hereby file this Supplemental Brief in Opposition to Motion to Remand to respond to the Supplemental Brief ("Suppl. Brief") filed by the Ukpes.[1] Not only are the supposed procedural defects raised by the Ukpes in their supplemental brief untimely, they are wholly without merit. First, even a cursory search reveals that those courts to examine the Ukpes' absurd interpretation of *Murphy Brothers., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) have uniformly rejected it.[2] Second, the Ukpes' new (and also dilatory) argument that removal was untimely because AWL was served more than thirty days prior to the filing of the Amended Third-Party Complaint is factually and legally untrue.

Although the Ukpes raise a third argument in their supplemental brief regarding removal, that argument simply reiterates their position that the removal statute does not contemplate third-party removal on the ground that third-party

---

[1] The Ukpes' Supplemental Brief itself was untimely. The Court ordered the brief be submitted within seven days of the October 14 hearing, or October 21, 2009. The brief was not, in fact, filed until October 22.

[2] Despite their contention that they have conducted "research" on this issue, *see Transcript of Hearing on Motion to Remand (Oct. 14, 2009) ("Transc.")*, at 23, the Ukpes fail to cite any of the numerous cases that have rejected their interpretation of *Murphy Brothers*. *See*, *infra*, n. 5

complaints do not constitute "initial pleadings" under the statute. *Suppl. Brief*, at 9-10. As previously demonstrated, however, nothing in 28 U.S.C. § 1441 or 28 U.S.C. § 1446 prohibits third-party defendants from removing an action, and such a prohibition would thwart the fundamental goals of the removal statute that unwilling parties not be haled into state court to defend against federal claims. In any event, Countrywide has already addressed these (and other) arguments against third-party removal in its opposition and sur-reply and incorporates those arguments herein.

## ARGUMENT

Countrywide removed this case on April 9, 2009. The Ukpes filed their remand motion on April 24, 2009. That motion did not raise any of the procedural defects now presented by the Ukpes. Rather, the Ukpes waited until the October 14 hearing on the remand motion to raise their alleged "Countrywide removed too soon" procedural defect, and even later—until October 22, 2009—to raise their alleged "Countrywide filed too late" procedural defect. *See Transc.*, at 18-21, *Suppl. Brief*, at 10. As discussed below, however, both arguments are procedurally untimely and substantively meritless.

**I.    Ukpes' Procedural Arguments Are Untimely.**

As an initial matter, all of the alleged procedural defects raised by the Ukpes concerning the timing of Countrywide's Notice of Removal are themselves

2

untimely. Under Section 1446(b), a party seeking remand is required to raise all grounds for remand, other than a lack of subject matter jurisdiction, within thirty days of removal. *See* 28 U.S.C. § 1446(b). Although the Third Circuit has not specifically addressed this issue, cases from around the country—including at least one district court in this Circuit—make clear that a district court cannot remand a case on the basis of a procedural defect raised for the first time more than thirty days after removal, even if a timely motion for remand has been filed on other grounds. *See Denman v. Snapper Div.,* 131 F.3d 546, 548 (5th Cir. 1998) (holding that any procedural defect—including presence of in-state defendant—is waived unless raised within thirty days of removal); *N. Cal. Dist. Council of Laborers v. Pitt-Des Moines Steel Co.*, 69 F.3d 1034, 1037-38 (9th Cir. 1995) (holding that Section 1447(c) prohibits defect in removal procedure from being raised later than 30 days after filing of notice of removal regardless of whether timely remand motion on other grounds has been filed); *see also Concorde Fin. Corp. v. Value Line, Inc.*, 2004 U.S. Dist. LEXIS 2040 *10-11 (S.D.N.Y. Feb. 10, 2004); *Foulke v. Dugan*, 148 F. Supp. 2d 552, 555 (E.D. Pa. 2001); *Davis v. Ciba-Geigy Corp.*, 958 F. Supp. 264, 266 (M.D. La. 1997).

Nonetheless, that is precisely what the Ukpes seek to do here. For the very first time, the Ukpes are suggesting that Countrywide's Notice of Removal was improper because: (1) Countrywide did not have the right to remove prior to

service; and (2) by the time Countrywide removed, the time for removal had already expired because AWL was allegedly served with an earlier version of the complaint.[3] As noted above, Countrywide removed this case on April 9, 2009 and the Ukpes filed their remand motion on April 24, 2009, but that motion failed to raise either of these two alleged procedural defects. Rather, the Ukpes waited until October 14, 2009 to raise their "premature" procedural defect and October 22, 2009 to raise their alternative (and inconsistent) "untimely" procedural defect. *Transc.*, at 18-21, *Suppl. Brief*, at 10.[4] Because the Ukpes first raised these new procedural defects well-beyond the 30-day window provided by Section 1446(b), they are untimely and this Court should reject them out of hand—even if this Court finds they have some merit (and, as explained below, they do not).

## II. The Ukpes' Argument Concerning Premature Removal Has Been Universally Rejected.

The primary argument raised by the Ukpes in their supplemental brief was first introduced during the remand hearing. *Transc.*, at 19-21. Citing *Murphy Brothers*, the Ukpes' advance the absurd argument that "a party may not remove a

---

[3]   There is no doubt these alleged defects are procedural and *not* jurisdictional. *See Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 576 (S.D. Ala. 1986) ("The thirty day time limit of *section 1446(b)* . . . is *not jurisdictional*, but merely formal and modal, albeit mandatory.").

[4]   Indeed, the Ukpes conceded that they are raising new arguments: "Now, this is a new argument. I apologize to the Court, I just realized it last night reviewing their pleadings." *Transc.*, at 21.

4

case from state to federal court *unless* that party has been formally served with the summons and complaint in the state proceedings." *Suppl. Brief*, at 8 (emphasis added). In other words, the Ukpes argue that service is a prerequisite to removal. Not only is the Ukpes' argument nonsensical in light of the purposes behind the removal statutes, but every decision located by Countrywide addressing this issue has flat out rejected it and this Court should as well.[5]

In *Murphy Brothers*, the plaintiff had filed a complaint in state court and, although it did not formally serve the defendant, faxed a courtesy copy of the complaint to the defendant. 526 U.S. at 348. The parties then engaged in settlement discussions and when those discussions failed, the plaintiff formally served the defendant and the defendant removed the action to federal court. *Id.* The plaintiff filed a motion to remand on the ground that the defendant's removal

---

[5]   *See, e.g.*, *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 (5th Cir. Tex. 2000); *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir. 2008); *North v. Precision Airmotive Corp.,* 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009); *Arthur v. Litton Loan Servicing, L.P.,* 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002); *Bell v. Am. Gen. Fin. Corp.*, 267 F. Supp. 2d 582, 583-84 (S.D. Miss. 2003); *County of Jackson v. Duke Energy Carolinas*, *L.L.C.*, 2009 U.S. Dist. LEXIS 82999, *2 & n.1 (M.D.N.C. Sept. 2, 2009); *Soliman v. L-3 Commc'ns Corp.*, 2008 U.S. Dist. LEXIS 105521, *7-8 (N.D. Cal. Dec. 24, 2008); *Armendariz v. East Laredo Home Place, Ltd.*, 2008 U.S. Dist. LEXIS 78834, *2-3 (S.D. Tex. Sept. 29, 2008); *Carroll v. Amex Assur. Co.*, 2007 U.S. Dist. LEXIS 90414, *7-8 (N.D. W. Va. Dec. 7, 2007); *Massey v. Cassens & Sons,* 2006 WL 381943, at *1 (S.D. Ill. Feb. 16, 2006); *Miller v. Cottrell, Inc.,* 2006 WL 1313367 at *2, 3 (W.D. Mo. May 12, 2006); *Bell v. First Family Fin. Servs., Inc.,* 2006 U.S. Dist. LEXIS 47192, *4 (S.D. Miss. May 10, 2006);

5

of the action was untimely because it was filed more than thirty days after the defendant received a courtesy copy of the complaint. *Id.* The district court rejected that argument and on appeal, the Eleventh Circuit reversed. *Id.* at 348-49. In light of conflicting lower court opinions, the Court granted certiorari to address the issue of whether a named defendant must be formally served with a copy of a complaint before the time to remove begins to run. *Id.* at 347. Relying on the bedrock principle that an individual is not obliged to engage in litigation until notified by formal process, as well as on the plain language of § 1446(b),[6] the Court held that a defendant's deadline for removal runs only from formal service of a complaint. *Id.* at 347-48. The purpose behind the *Murphy Brothers* decision was to give defendants definitive guidelines and ample opportunity to determine whether a case is removable to federal court. *Id.* at 354.

Contrary to the Ukpes' assertion, nothing in *Murphy Brothers* supports the notion that a defendant cannot remove a case until it is formally served, and courts have universally agreed. For example, in *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 (5th Cir. Tex. 2000), the plaintiffs argued that because the defendant had not yet been served at the time of removal, the district court had no choice but to

---

*Doney v. CMI Corp.,* 2000 U.S. Dist. LEXIS 6240, at *1-2 (W.D. Mo. May 4, 2000). Countrywide has been unable to locate any contrary authority.

[6] Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."

6

remand. *Id.* at 176. The court rejected that argument. *Id.* at 177. Distinguishing *Murphy Brothers*, the court first noted that the Supreme Court "did not address whether service was a prerequisite for a defendant to be able to remove a case." *Id.* at 177 n.23. The court then analyzed the plain text of the removal statute and concluded that that § 1446(b) simply requires that an action be commenced against a defendant prior to removal to federal court and that in Texas (like New Jersey), an action commences when a petition is filed. *Id.*; *compare also* Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk.") *with* N.J. Ct. R. 4:2-2 ("A civil action is commenced by filing a complaint with the court."). Thus, according to the *Delgado* court, the triggering event permitting (though, under *Murphy Brothers*, not requiring) a defendant to remove an action to federal court is the filing of a petition or complaint, even if the defendant has not yet been formally served. The court further justified this "less demanding view of the service requirement" prior to removal by turning to 28 U.S.C. § 1448, which provides that service upon any defendant not yet served in state court, may be completed in federal court. *Id.*

This rule makes sense, especially in light of the fact that a defendant always has the option of voluntarily submitting to the jurisdiction of a court without being formally served. *See Armendariz v. East Laredo Home Place, Ltd.*, 2008 U.S. Dist. LEXIS 78834, *3 (S.D. Tex. Sept. 29, 2008); *Soliman v. L-3 Commc'ns*

7

*Corp.*, 2008 U.S. Dist. LEXIS 105521, *7-8 (N.D. Cal. Dec. 24, 2008). And, as another court explained, "[t]he rationale behind the Court's decision in *Murphy* was to give defendants sufficient time to decide which court should hear a case. . . . Clearly, this purpose would not be served by refusing to allow Defendants to remove the case prior to service." *Bell v. Am. Gen. Fin. Corp.*, 267 F. Supp. 2d 582, 583-84 (S.D. Miss. 2003). Any other reading of *Murphy Brothers*, would simply be an invitation to "litigation gymnastics" between the state and federal courts. *See Miller v. Cottrell, Inc.,* 2006 WL 1313367 at *2, 3 (W.D. Mo. May 12, 2006). Based on these authorities, the most recent court to address this issue considered it "axiomatic" that an unserved defendant in receipt of a complaint may remove prior to service. *See North v. Precision Airmotive Corp.,* 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009). In light of this overwhelming authority, this Court should likewise reject the Ukpes' latest untimely argument against removal.

### III. The Ukpes' Alleged Service of the Original Third-Party Complaint on AWL Was Ineffective.

The second and final argument raised by the Ukpes in their supplemental brief contradicts their approach based on *Murphy Brothers*. Now, instead of arguing that Countrywide removed prematurely, the Ukpes argue that Countrywide's removal on April 9, 2009 was untimely because AWL was actually served with a prior version of the Complaint on March 3, 2009. *Suppl. Brief*, at

10.[7] Even if it were properly before this Court (and it is not, *see, supra* Section I), this argument fails because the alleged March 3, 2009 service did not comply with New Jersey's rules regarding service of process and, accordingly, cannot constitute proper service to trigger the removal clock.

New Jersey Rule 4:4-4(a)(6) prescribes the process for serving a foreign corporation like Countrywide. Under that Rule, in order to be effective, service must be made, if possible on:

> any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof . . .

*See* N.J. Ct. R. 4:4-4(a)(6). Only if "service cannot be made on any of those persons," does the Rule permit the more lenient standard of serving "a person at the principal place of business of the corporation in [New Jersey] in charge thereof." *Id.* And, only if the corporation has "no place of business" in New Jersey, does the Rule permit the even more lenient standard of serving "any employee of the corporation within [New Jersey] acting in the discharge of his or her duties" provided that such service comports with due process of law. *Id.*

New Jersey courts have explained that service is only effective if it complies with the "waterfall" of options laid out in Rule 4, and that less-stringent options

---

[7] There is no dispute that AWL is merely a d/b/a of CHLI.

can only be elected if the more formal options are unavailable. *See*, *e.g.*, *Reddy v. Medquest, Inc.*, 2009 U.S. Dist. LEXIS 68122, *18-21 (D.N.J. Aug. 4, 2009).

Under Rule 4:4-4(a)(6), therefore, if CHLI, which was doing business as AWL, had an appointed agent for service of process in New Jersey, the Ukpes could not simply opt to deliver the summons to Countrywide's principal place of business. Here, the Corporation Trust Company is and has been Countrywide's appointed agent for service of process in New Jersey. *See Business Entity Status Report* (attached hereto as Exhibit 1). And, the Business Entity Status Report publicly available through the New Jersey Secretary of State and on its website— reveals that AWL is a "fictitious business name" used by CHLI in New Jersey. *Id.* The Ukpes, however, opted not to serve Countrywide's registered agent in New Jersey, or even the "principal place of business" identified on the publicly available Business Entity Status Report. Instead, the Ukpes had a copy of the summons delivered to a Countrywide office in Marlton, New Jersey.[8] Under New Jersey

---

[8] The Ukpes do not cite to Rule 4:4-4 or explain how the alleged service on March 3 was effective. There appears to be no dispute that the Ukpes did not serve the summons on an "officer, director, trustee or managing or general agent" of Countrywide, or that the Marlton address does not constitute Countrywide's "registered office." *See* N.J. Stat. §§ 14A:4-1, 14A:4-3 (indicating that "registered office" is the office so designated in the corporation's Secretary of State filing). Nor can the Ukpes credibly claim that Countrywide has "no place of business in [New Jersey]," such that would allow service upon delivery to "any employee" of Countrywide discharging their duties within the state. *See* N.J. Ct. R. 4:4-4(6). Thus, the Ukpes must be advancing a claim that delivery to an "Admin. Asst." at a Countrywide office

10

law, such delivery is woefully inadequate and cannot constitute proper service on AWL or CHLI.[9]

Notably, the holding in *Murphy Brothers*, which the Ukpes misapply elsewhere, clearly addresses this situation. In *Murphy Brothers*, the Supreme Court made clear that the thirty-day period for removing a case cannot begin to run against a party until that party is effectively served in compliance with relevant state law. 526 U.S. at 347-48. Because the March 3, 2009 purported service was ineffective under New Jersey law, it did not trigger the removal clock against Countrywide, and the Ukpes' final argument in their supplemental brief must be rejected as factually and legally incorrect.

## **CONCLUSION**

As can be seen, the Ukpes' Supplemental Brief provides no additional basis for this Court to consider granting the Motion to Remand. Accordingly, for these reasons—and those already briefed and argued—that Motion should be denied.

---

located at 525 Lincoln Drive West, Marlton, New Jersey constitutes service on the person "in charge" of Countrywide's "principal place of business," even though that branch office is *not* Countrywide's "registered office" in the state. *See* Ex. 1.

[9] There is zero credibility to the Ukpes' claim that they were unaware of the relationship between AWL and CHLI until just before the October 14, 2009 hearing. *See Suppl. Brief*, at 4-5. Putting aside the fact that this information was publicly available, among other places, on the Secretary of State's website, Countrywide has never, contrary to the Ukpes' assertion, "concealed" the relationship between AWL and CHLI. *See Answer of Countrywide to Third*

11

Dated:  October 28, 2009

        Respectfully submitted,

        America's Wholesale Lender, Countrywide Home Loans, Inc., and Countrywide Home Loans Servicing LP

        By their attorneys,

        /s/ Sean T. O'Meara
        Sean T. O'Meara, Esq.
        ARCHER & GREINER, P.C.
        One Centennial Square
        Haddonfield, NJ  08033
        (856) 795-2121

        Richard A. Oetheimer, Esq. (*pro hac vice*)
        GOODWIN PROCTER LLP
        53 State Street
        Boston, MA 02109
        (617) 570-1000

        Scott B. Nardi, Esq. (*pro hac vice*)
        GOODWIN PROCTER LLP
        901 New York Avenue, NW
        Washington, DC  20001
        (202) 346-4000

---

*Party Complaint*, at ¶¶ 10-13 ("Countrywide admits that AWL was a d/b/a name of CHLI at the time relevant to the making of the loan.").